KIMBERLY A. SANCHEZ
Acting United States Attorney
JUSTIN J. GILIO
ROBERT VENEMAN-HUGHES
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

**FILED**

**Aug 07, 2025**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN ALFREDO LEIVA-LEIVA,<br><br>Defendant. | CASE NO. 1:22-CR-00232-BLW-BAM<br><br>NOTICE OF INTENT TO SEEK THE DEATH PENALTY<br><br>**Under Seal** |

The United States of America, by and through its undersigned counsel and pursuant to 18 U.S.C. § 3593(a), notifies the Court and Defendant MARTIN ALFREDO LEIVA-LEIVA that the United States believes the circumstances of the offenses charged in Counts Two through Seven of the Third Superseding Indictment are such that, in the event of a conviction, a sentence of death is justified under Chapter 228 (Sections 3591 through 3598) of Title 18 of the United States Code, and that the United States will seek the sentence of death for these offenses: 18 U.S.C. §§ 1959(a)(1) and 2 – Murder in Aid of Racketeering (six counts).

The United States proposes to prove the following factors as justifying a sentence of death with regard to Counts Two through Seven (except where other Counts are specified):

A. MARTIN ALFREDO LEIVA-LEIVA was 18 years of age or older at the time of the offenses.

B. Statutory Threshold Factors Enumerated under 18 U.S.C. § 3591(a)(2)(A)-(D).

1. MARTIN ALFREDO LEIVA-LEIVA intentionally killed the victim. 18 U.S.C. § 3591(a)(2)(A).

2. MARTIN ALFREDO LEIVA-LEIVA intentionally inflicted serious bodily injury that resulted in the death of the victim. 18 U.S.C. § 3591(a)(2)(B).

3. MARTIN ALFREDO LEIVA-LEIVA intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the victim died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C).

4. MARTIN ALFREDO LEIVA-LEIVA intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than a participant in the offense, such that participation in the act constituted a reckless disregard for human life, and the victim died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(D).

C. Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).

1. As to Victim 1 (Count Two):

    a. The death, or injury resulting in death, occurred during the commission or attempted commission of an offense under 18 U.S.C. § 1201. 18 U.S.C. § 3592(c)(1).

    b. MARTIN ALFREDO LEIVA-LEIVA committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim. 18 U.S.C. § 3592(c)(6).

    c. MARTIN ALFREDO LEIVA-LEIVA committed the offense after substantial planning and premeditation to cause the death of a person. (18 U.S.C. § 3592(c)(9)).

2. As to Victim 2 (Count Three):

    a. MARTIN ALFREDO LEIVA-LEIVA committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious

physical abuse to the victim.  18 U.S.C. § 3592(c)(6).

      b. MARTIN ALFREDO LEIVA-LEIVA committed the offense after substantial planning and premeditation to cause the death of a person.  18 U.S.C. § 3592(c)(9).

3. As to Victim 3 (Count Four):

      a. MARTIN ALFREDO LEIVA-LEIVA, in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense.  18 U.S.C. § 3592(c)(5).

      b. MARTIN ALFREDO LEIVA-LEIVA committed the offense after substantial planning and premeditation to cause the death of a person.  18 U.S.C. § 3592(c)(9).

4. As to Victim 4 (Count Five):

      a. MARTIN ALFREDO LEIVA-LEIVA committed the offense after substantial planning and premeditation to cause the death of a person.  18 U.S.C. § 3592(c)(9).

      b. MARTIN ALFREDO LEIVA-LEIVA intentionally killed more than one person in a single criminal episode.  18 U.S.C. § 3592(c)(16).

5. As to Victim 5 (Count Six):

      a. The death, or injury resulting in death, occurred during the commission or attempted commission of an offense under 18 U.S.C. § 1201.  18 U.S.C. § 3592(c)(1).

      b. MARTIN ALFREDO LEIVA-LEIVA committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim.  18 U.S.C. § 3592(c)(6).

      c. MARTIN ALFREDO LEIVA-LEIVA committed the offense after substantial planning and premeditation to cause the death of a person.  18 U.S.C. § 3592(c)(9).

6. As to Victim 6 (Count Seven):

  a. The death, or injury resulting in death, occurred during the commission or attempted commission of an offense under 18 U.S.C. § 1201. 18 U.S.C. § 3592(c)(1).

  b. MARTIN ALFREDO LEIVA-LEIVA committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim. 18 U.S.C. § 3592(c)(6).

  c. MARTIN ALFREDO LEIVA-LEIVA committed the offense after substantial planning and premeditation to cause the death of a person. 18 U.S.C. § 3592(c)(9).

D. Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2).

 1. Leadership in a Transnational Criminal Organization.

 MARTIN ALFREDO LEIVA-LEIVA served as a leader of MS-13, a gang designated as a Transnational Criminal Organization by the Department of Treasury on October 11, 2012. He authorized the murders of Victims 1 through 6 to advance the criminal goals and objectives of MS-13 and to create fear and intimidation in the community.

 2. Multiple Killings.

 MARTIN ALFREDO LEIVA-LEIVA authorized the killings of more than one person, Victims 1 through 6.

 3. Future Dangerousness.

 MARTIN ALFREDO LEIVA-LEIVA is likely to direct and commit criminal acts of violence in the future such that he poses a continuing and serious threat to the lives and safety of others as demonstrated by, among other things, his leadership role in MS-13; his history of authorizing others to commit violent crimes without his own direct participation; and his demonstrated lack of remorse for the killings he authorized, as evidenced by his words and actions.

 4. Victim Impact.

 MARTIN ALFREDO LEIVA-LEIVA caused injury, harm, and loss to the six identified victims and their families and friends. The injury, harm, and loss caused by

MARTIN ALFREDO LEIVA-LEIVA with respect to each victim is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his or her family and friends.

5. Participation in Additional Uncharged Crimes of Violence.

MARTIN ALFREDO LEIVA-LEIVA authorized and participated in uncharged acts of violence.

Dated: August 7, 2025

KIMBERLY A. SANCHEZ
Acting United States Attorney

/s/ JUSTIN J. GILIO
JUSTIN J. GILIO
ROBERT VENEMAN-HUGHES
Assistant United States Attorneys